Matthew Q. **RIPPENTROP,**
Plaintiff–Appellant,

v.

**E.H. OFTEDAL & SONS, Incorporated Employee Stock Ownership Plan; E.H. Oftedal & Sons, Incorporated,** Defendants–Appellees.

No. 08–35800.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2009.

Filed Dec. 14, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Philip Bradford Condra, Esquire, Perry Joel Schneider, Milodragovich, Dale, Steinbrenner & Nygren P.C., Missoula, MT, for Plaintiff–Appellant.

Shane P. Coleman, Esquire, Jason S. Ritchie, Esquire, Holland & Hart, LLP, Billings, MT, for Defendants–Appellees.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BURNS,* District Judge.

### MEMORANDUM **

Appellant Matthew Q. Rippentrop (Rippentrop) challenges the district court's summary judgment in favor of Appellees E.H. Oftedal & Sons, Inc. Employee Stock Ownership Plan (Plan) and E.H. Oftedal & Sons, Inc. (Oftedal). The district court rejected Rippentrop's challenge to Oftedal's denial of his benefits claim pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.

Because the Plan conferred discretionary authority upon Oftedal to determine eligibility for benefits, Oftedal's decision to deny benefits is reviewed for an abuse of discretion. *See Nolan v. Heald Coll.,* 551 F.3d 1148, 1153 (9th Cir.2009). Contrary to Rippentrop's assertion, Oftedal's structural conflict of interest does not compel application of a *de novo* review standard. *See Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 965 (9th Cir.2006) (en banc) ("Abuse of discretion review applies to a discretion-granting plan *even if the administrator has a conflict of interest*") (emphasis added) (footnote reference omitted). Rather, Oftedal's conflict of interest is weighed as a factor in the abuse of discretion analysis. *See id.* at 966–69. In this case, the district court properly "temper[ed] the abuse of discretion standard with skepticism commensurate with the conflict." *Nolan,* 551 F.3d at 1153 (citation and internal quotation marks omitted).

The governing regulations provide that "a plan shall determine hours of service from records of hours worked *and* hours for which payment is made or due ..." 29 C.F.R. § 2530.200b–3(a) (emphasis added). Alternatively, a plan may use "an equivalency" method to determine hours of service. *Id.* Equivalency methods may be used even if records of hours are maintained, provided that the plan sets forth the equivalency method to be used. *See* 29 C.F.R. § 2530.200b–3(c)(1). Accordingly, the district court did not err when it concluded that applying the 45–Hour equivalency method to calculate Rippentrop's hours of service was reasonably within Oftedal's discretion.

**AFFIRMED.**

---

* The Honorable Larry A. Burns, United States District Court Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.